# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE:
DAVID and PATRICIA SHOEMAKER,

    Debtors/Appellants

v.                                              Case No. 3:10-cv-543/LAC
                                                   Bankruptcy Case No. 00-40626-LMK

SQUARE RING, INC., and
LEIGH D. HART, Trustee,

    Appellees,
_____/

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER

THIS CAUSE comes before the Court on appeal from the United States Bankruptcy Court for the Northern District of Florida.  *See* 28 U.S.C.A. § 158(a); FED. R. BANKR. P. 8001.  Debtors/Appellants David and Patricia Shoemaker challenge the Bankruptcy Court's Order of November 9, 2010, approving the sale of the Shoemakers' state cause of action to Square Ring, Inc. for the sum of $10,000.  Following a review of the Bankruptcy Court's Order, the record on appeal, and the briefs of the parties, this Court concludes that the Bankruptcy Court's Order should be **AFFIRMED**.

A district court reviewing the decision of its bankruptcy unit functions as an appellate court. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990). Determinations of law are subject to *de novo* review, while findings of fact are subject to the clearly erroneous standard of review. *In re Williamson*, 15 F.3d 1037, 1038 (11th Cir. 1994) (citing Fed.R.Bankr.Proc. 8013 and *In re Club Associates*, 956 F.2d 1065, 1069 (11th Cir. 1992)). The district court, when sitting in its appellate capacity, does not make independent factual findings. *Id.* Findings of fact are only subject to reversal when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 541–42, 92 L. Ed. 746 (1948). The burden is on the appellant to show that the bankruptcy court's factual findings are clearly erroneous. *Gibson Group, Ltd. of Pinellas County, Inc. v. Cooper*, 197 B.R. 698, 699 (M.D. Fla. 1996).

On March 30, 2000, the Shoemakers filed for bankruptcy under Chapter 13 in the United States Bankruptcy Court. The Shoemakers' bankruptcy petition contained a schedule of assets, which did not identify that they had any ownership of stock or any other interest in Square Ring, Inc. The bankruptcy plan was confirmed on October 17, 2000.

On September 11, 2008, David Shoemaker filed a civil action in the Circuit Court in and for Escambia County, Florida, seeking a declaratory judgment against

Square Ring, Inc. ("Square Ring"), based on his claim that he held a shareholder interest in Square Ring. Square Ring asserted that no such interest had existed since 1995 when Square Ring was reorganized and the shares belonging to Shoemaker, among others, were relinquished.

The Trustee, upon being informed of the Shoemakers' state action by Square Ring, notified the Bankruptcy Court and moved to reopen the case, which the Court did on March 12, 2010. The stockholder claim was held to belong to the bankruptcy estate, and on October 21, 2010, a hearing was held on the matter, wherein the Court was informed that Square Ring had reached an agreement to purchase the claim for $10,000. Noting that the Shoemakers had not procured counsel who would come forth and assert that the claim, after costs and fees, would exceed $10,000, the Court found the sale to be in the best interests of the estate and approved the settlement by written order dated November 9, 2010. The order provided that the sale was "to a good faith purchaser and the Buyer is afforded the protection of 11 U.S.C. § 363(m)." Doc. 1, ex. 14. This appeal followed. The Shoemakers did not seek a stay of the Bankruptcy Court's sale order nor post bond pending the appeal.

As Square Ring and the Trustee assert, once a sale is approved by the bankruptcy court and consummated by the parties, the bankruptcy court ruling cannot be modified on appeal. Pursuant to United States Code Title 11, Section 363(m):

> The reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Thus, a trustee has authority to sell property of the bankruptcy estate, and an approved sale may not be invalidated unless it is stayed pending appeal. *See In re MacNeal*, 308 Fed. Appx. 311, 316 (11th Cir. 2009). The failure to obtain such a stay renders the appeal moot. *See In re The Charter Co.*, 829 F.2d 1054, 1056 (11th Cir. 1987).

Additionally, this Court considers that Appellants have failed to establish that the Bankruptcy Court's decision was clearly erroneous. The Bankruptcy Judge provided ample opportunity for Appellants to come forward and establish that their state claim was worth more than $10,000 figure settled upon. Appellants point only to an "Executive Summary" drafted by an accountant that offers no direct opinion on their specific shareholder situation, but only performs the calculations of what a 0.8% interest in Square Ring, at its current earnings, would be valued at.[1] More important was the fact that Appellants could find no counsel during the bankruptcy proceedings who would be willing to "buy" the claim at an amount greater than $10,000 in order

---

[1] Moreover, the greater evidence in the case demonstrates that Appellants had either a .008 or even a .004% shareholder interest in Square Ring.

to pursue the state action.[2]  Based upon these circumstances, the Bankruptcy Judge found the $10,000 to be a fair settlement of the claim.  This Court finds no reason to upset that conclusion.

As Appellant have failed to establish a basis for reversible error, the decision of the Bankruptcy Court is **AFFIRMED**.

Accordingly, it is hereby **ORDERED**:

1. The Bankruptcy Court's Order dated November 9, 2010, is **AFFIRMED**.

**ORDERED** on this 3rd day of May, 2011.

                                            s/ *L.A. Collier*
                                            Lacey A. Collier
                                      Senior United States District Judge

---

[2] As Appellees point out, the state court action was at risk of being foreclosed on grounds of estoppel because of Appellants' failure to list the shareholder interest on their bankruptcy petition.  See *Robinson v. Tyson Foods, Inc.*, 595 F3d 1269 (11th Cir. 2010).